UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANNE EVANS, | Case No. 2:23-cv-00237-MMD-DJA |
| Plaintiff, | ORDER |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Plaintiff Anne Evans brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA" or "Act"). Following her discharge from Chapter 13 bankruptcy, Plaintiff sued Defendants—a consumer reporting agency and several furnishers—after they misreported her consumer information and, after receiving notice of Plaintiff's dispute, failed to investigate the dispute and correct errors, as required under the Act. (ECF No. 1 ("Complaint").) Before the Court is Defendant Bank of America, N.A.'s ("BANA") motion to dismiss (ECF No. 23) and Plaintiff's motion to strike (ECF No. 28).[1] As further explained below, the Court will grant in part, and deny in part, BANA's motion to dismiss and will deny Plaintiff's motion to strike.

**II.   BACKGROUND**

The following allegations are adapted from the Complaint.

---

[1] Plaintiff filed a response to BANA's motion to dismiss (ECF No. 26), to which BANA replied (ECF No. 27). BANA responded to Plaintiff's motion to strike (ECF No. 33), and Plaintiff replied (ECF No. 35).

On September 27, 2017, Plaintiff filed for Chapter 13 bankruptcy.[2] (ECF Nos. 1 at 4; 23-2 at 2-3.) "Chapter 13 of the Bankruptcy Code affords individuals receiving regular income an opportunity to obtain some relief from their debts while retaining their property. To proceed under Chapter 13, a debtor must propose a plan to use future income to repay a portion (or in the rare case all) of his debts over the next three to five years." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 498 (2015). "If the bankruptcy court confirms the plan and the debtor successfully carries it out, he receives a discharge of his debts according to the plan." *Id.* Here, Plaintiff's bankruptcy plan was confirmed on July 2, 2018, and Plaintiff was eventually discharged from bankruptcy.[3] (ECF Nos. 1 at 4-5; 23-1 at 5.)

On November 18, 2022, Plaintiff ordered a credit report from Equifax, a consumer reporting agency ("CRA"). (*Id.* at 6.) In the report, Plaintiff noticed an error relating to her account with BANA (*i.e.*, an unsecured debt in favor of BANA totaling $7,524.00), where it showed the "date of first delinquency of June 2017 and [the] date the delinquency was first reported of September 2017." (ECF Nos. 1 at 6; 23-2 at 3.) Plaintiff alleges this report was inaccurate because "[t]he date of first delinquency should match the date it first occurred." (ECF No. 1 at 6.) This reporting error caused Plaintiff's BANA account "to remain on Plaintiff's credit report for a period longer than it should [have]." (*Id.*)

The next month, on December 12, 2022, Plaintiff sent a dispute letter to Equifax about the allegedly "inaccurate, misleading, and derogatory information" in her credit report. (*Id.* at 7.) According to Plaintiff, "Equifax provided each of the furnisher defendants

---

[2] Upon BANA's request, the Court takes judicial notice of Exhibits A and B attached to its motion to dismiss. (ECF Nos. 23 at 4-5; *see also* ECF Nos. 23-1, 23-2.) *See also* Fed. R. Evid. 201. These exhibits, which show Plaintiff's 2017 bankruptcy petition and case docket in the U.S. Bankruptcy Court for the District of Nevada, are undisputed records of the federal government. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) ("Under Federal Rule of Evidence 201, we may take judicial notice of the records of state agencies and other undisputed matters of public record.").

[3] Plaintiff alleges she was discharged from bankruptcy on November 20, 2020. (ECF No. 1 at 5.) However, Plaintiff's bankruptcy case docket appears to show that Plaintiff was discharged "after Completion of Chapter 13 Plan" on October 14, 2022—nearly two years after the discharge date alleged in the Complaint. (ECF No. 23-1 at 3.) BANA states in its motion to dismiss that Plaintiff was discharged on October 14, 2022. (ECF No. 23 at 2.)

with a notice regarding Plaintiff's dispute." (*Id.*) On February 3, 2023, Plaintiff received notice that Equifax and BANA, among other furnisher Defendants, had investigated and reinvestigated her dispute. (*Id.*) Despite these investigations, however, "each of the furnisher defendants continued to report the inaccurate information," and Equifax "re-reported the inaccurate information" in Plaintiff's credit report. (*Id.* at 8.)

Plaintiff alleges that BANA failed to conduct a reasonable investigation of Plaintiff's dispute and "further failed to correct and update Plaintiff's information" as required under the FCRA. (*Id.*) According to Plaintiff, "[a] reasonable investigation . . . would have determined that [Defendants] were reporting the above disputed information inaccurately." (*Id.* at 7.) Finally, Plaintiff alleges that Defendants' actions "constitute numerous and multiple willful, reckless, or negligent violations of the FCRA." (*Id.* at 9.)

In the Complaint, Plaintiff asserts one FCRA claim against Defendants BANA, Equifax Information Services, LLC, and Citigroup, Inc./Citicards CBNA.[4] (ECF No. 1.)

### III. DISCUSSION

BANA moves to dismiss Plaintiff's sole FCRA claim. (ECF No. 23.) Plaintiff also moves to strike portions of BANA's reply brief in support of its motion to dismiss. (ECF No. 28) Before addressing the merits of BANA's motion to dismiss, the Court must first resolve the issues raised in Plaintiff's motion to strike. Then, the Court will address BANA's motion to dismiss and whether it will grant Plaintiff leave to amend.

**A.   Motion to Strike (ECF No. 28)**

Plaintiff moves to strike BANA's reply brief because BANA raises new arguments for the first time in the brief. (ECF No. 28 at 2.) Plaintiff cites Federal Rule of Civil Procedure 12(f) and the Ninth Circuit's "general rule" "that appellants cannot raise a new issue for the first time in their reply briefs." *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (citation and quotation marks omitted). Alternatively, Plaintiff moves for leave to file a surreply. (*Id.* at 3.)

---

[4]Plaintiff has voluntarily dismissed Defendants Capital One Bank, N.A. and JPMorgan Chase Bank, N.A. with prejudice. (*See* ECF Nos. 7, 34.)

3

First, the Court denies Plaintiff's motion to strike to the extent she invokes Rule 12(f); this rule only applies to pleadings and thus does not provide for a motion to strike documents or portions of documents (*e.g.*, a reply brief) other than pleadings. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); Fed. R. Civ. P. 7(a) (identifying "pleadings" as the complaint, answer, and reply to an answer, but not motions and other papers); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, Case No. 2:12-cv-00560-MMD-GWF, 2014 WL 1305144, at *6 (D. Nev. Mar. 31, 2014) ("Under Rule 12(f) a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. However, motions to strike apply only to pleadings, and courts are generally unwilling to construe the rule broadly and refuse to strike motions, briefs, objections, affidavits, or exhibits attached thereto.") (citations omitted).

However, the Court will disregard new arguments raised in BANA's reply brief. *See Pacquiao v. Mayweather*, Case No. 2:09-cv-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) ("[T]o the extent that a party raises a new argument or proffers new evidence and information in a reply brief, that argument or evidence is improper because the opposing party is deprived of an opportunity to respond.") (quoting *Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993)). The Court therefore disregards page 2, line 22 through page 3, line 3 of the reply brief, in which BANA argues its credit reporting was accurate as a "complete defense." (ECF No. 27 at 2-3.)

Lastly, the Court denies Plaintiff's alternative request for leave to file a surreply, which would address the three arguments Plaintiff seeks to strike. (ECF No. 28 at 3-6.) Local Rule 7-2(b) provides for the filing of a motion, a response, and a reply. LR 7-2(b). "Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." *Id.* Because surreplies are discouraged, "[o]nly the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed." *Stevens v. Prentice*, Case No. 2:17-cv-00970-JCM-PAL, 2018 WL 3758577, at *1 (D. Nev. Aug. 8,

2018) (citation omitted). Here, a surreply—already disfavored—is unnecessary for the Court to properly resolve BANA's motion to dismiss. Moreover, allowing Plaintiff to file her surreply risks constituting an "improper attempt to have the last word on an issue" already briefed by the parties. *Smith v. United States*, Case No. 2:13-cv-00039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014). Therefore, the Court denies Plaintiff's request.

For these reasons, the Court denies Plaintiff's motion to strike portions of BANA's reply brief, and denies Plaintiff's alternative request for leave to file a surreply.

### B.    Motion to Dismiss (ECF No. 23)

BANA argues that Plaintiff's FCRA claim must be dismissed for three reasons. First, the Complaint improperly "lumps" together all Defendants in a single, broad allegation, such that it does not differentiate any of their actions and thus "fails to provide BANA with fair notice of Plaintiff's claims against BANA (as opposed to any other 'Defendants' or 'Furnishers')." (ECF No. 23 at 5-6.) Second, Plaintiff "does not allege any facts specifically against any Defendant, and particularly against BANA, in support of [her] bare legal conclusion" that Defendants inaccurately reported her information and failed to conduct a reasonable investigation. (*Id.* at 6-8.) Third, BANA argues that Plaintiff's FCRA claim fails to the extent she alleges a negligent violation claim because she fails to adequately allege having suffered actual damages as a result of BANA's actions. (*Id.* at 8-11.) As explained below, the Court grants in part, and denies in part, BANA's motion to dismiss.

#### 1.    Impermissible "Lumping"

Construing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff does not impermissibly "lump" together BANA and other Defendants such that it violates the notice pleading standards of Federal Rule of Civil Procedure 8. *See Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011) ("[U]nder the federal rules a complaint is required only to give the notice of the claim such that the opposing party may defend himself or herself effectively."); *Adobe Sys. Inc. v. Blue Source Group, Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (collecting cases). Plaintiff alleges having a specific account

with BANA, for which BANA furnished personal information to Equifax. (ECF No. 1 at 6 ("In Plaintiff's consumer report from Equifax dated November 18, 2022, Equifax and B[ANA] inaccurately reported account No: *4799 . . ."); *see also* ECF No. 23-2 at 3.) Plaintiff also alleges that she sent a dispute letter to Equifax about her account with BANA, and that Equifax in turn timely notified BANA about Plaintiff's dispute, triggering BANA's statutory duty to investigate the dispute. (*Id.* at 7.) Thus, the Complaint provides sufficient notice to BANA as to the nature of the claims—here, a sole FCRA claim against a furnisher—being asserted against it and its conduct at issue. *See Adobe*, 125 F. Supp. 3d at 964-65. The Court accordingly denies BANA's motion on this ground.

### 2. The Fair Credit Reporting Act

Next, BANA argues that Plaintiff fails to allege sufficient facts in the Complaint to state a colorable FCRA claim. (ECF No. 23 at 6-8.) Construing the Complaint in the light most favorable to Plaintiff, the Court disagrees.

#### a. Statutory Framework

Congress enacted the FCRA in 1970 to promote "fair and accurate credit reporting" and to protect consumer privacy. 15 U.S.C. § 1681(a). "To achieve those goals, the Act regulates the consumer reporting agencies that compile and disseminate personal information about consumers." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2200 (2020). The Act "imposes a host of requirements concerning the creation and use of consumer reports." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 335 (2016).

Relevant to BANA's motion, the FCRA also imposes duties on "furnishers," such as credit card issuers, lenders, and insurers, that provide consumer information to CRAs. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 & n.7 (9th Cir. 2009) (citing 15 U.S.C. § 1681s-2). Among these obligations is a furnisher's duty to conduct an investigation "upon notice of dispute," that is, "when a person who furnished information to [a CRA] receives notice from the [CRA] that the consumer disputes the information." *Id.* at 1154 (citing 15 U.S.C. §§ 1681Ii(a)(2), 1681s-2(b)). The Ninth Circuit has interpreted the Act to require a furnisher to conduct a "reasonable" investigation to satisfy the statute.

*See id.* at 1157 (holding that a furnisher's "investigation pursuant to § 1681s-2(b)(1)(A) may not be unreasonable"). This duty, however, does not arise until the furnisher receives notice of a dispute from a CRA; "notice of a dispute received directly from the consumer does not trigger furnishers' duties under [§ 1681s-2(b)]." *See id.* at 1154 (citations omitted).

The Act creates a private right of action for consumers to sue and recover for either willful or negligent violations. 15 U.S.C. §§ 1681n & o. If a plaintiff can prove a willful violation, she will be entitled to either statutory damages or any actual damages, plus other damages. *Id.* at § 1681n(a)(1)(A). "On the other hand, if a plaintiff can only prove a negligent violation of the FCRA [under § 1681o(a)(1)], the plaintiff must also show actual damages caused by the conduct constituting a violation of the statute to make out a cause of action." *Banga v. Chevron U.S.A. Inc.*, Case No. C-11-01498 JCS, 2013 WL 71772, at *11 (N.D. Cal. Jan. 7, 2013) (citations omitted). The FCRA also allows recovery for emotional distress in connection to negligent violations. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (citations omitted).

### b. Analysis

Plaintiff alleges a colorable FCRA claim against BANA. According to the Complaint, Plaintiff ordered a credit report from Equifax, a CRA; in that report she noticed an error relating to her account with BANA. (ECF No. 1 at 6.) The report showed "a delinquency first reported date that is [three months] later than the date of first delinquency," when in fact "[t]he date of first delinquency should match the date it first occurred." (ECF Nos. 1 at 6; 26 at 4, 8.) Whether factually inaccurate or otherwise misleading, this alleged reporting error caused Plaintiff's BANA account delinquency "to remain on Plaintiff's credit report for a period longer than it should [have]." (ECF No. 1 at 6.) Plaintiff then sent a dispute letter to Equifax about the allegedly "inaccurate, misleading, and derogatory information" in her credit report. (*Id.* at 7.) According to Plaintiff, "Equifax provided each of the furnisher defendants with a notice regarding Plaintiff's dispute." (*Id.*) Assuming that (1) Plaintiff's credit report was inaccurate or

incomplete under the FCRA, and (2) BANA received notice of Plaintiff's dispute from Equifax, the Court can reasonably infer that BANA had a duty to conduct an investigation of Plaintiff's dispute. Indeed, Plaintiff alleges having received notice that both Defendants Equifax and BANA had investigated and reinvestigated her dispute. (*Id.*) Because "each of the furnisher defendants continued to report the inaccurate information" and "failed to correct and update Plaintiff's information" despite previous investigations, the Court can reasonably infer from the Complaint that BANA violated its duty to conduct a reasonable investigation under the FCRA (*Id.* at 8.) *See also Gorman*, 584 F.3d at 1154, 1157; 15 U.S.C. §§ 1681Ii(a)(2), 1681s-2(b). Because Plaintiff has sufficiently alleged BANA's violation of the FCRA, the Court denies BANA's motion to dismiss on this ground.

### c. Request for Actual Damages under the FCRA

In the Complaint, Plaintiff seeks "actual damages" under the FCRA based on allegations that BANA's statutory violations were negligent. (ECF No. 1 at 8-9.) Specifically, Plaintiff alleges having suffered actual damages in the form of (1) out-of-pocket expenses in disputing Defendants' inaccurate reporting, (2) injury to Plaintiff's creditworthiness, and (3) emotional distress and humiliation. (*Id.*) BANA moves to dismiss Plaintiff's claim for negligent violation of the FCRA because Plaintiff has not adequately alleged actual damages. (ECF No. 23 at 9-10.)

A consumer plaintiff who alleges a negligent violation of the FCRA can recover actual damages. *See* 15 U.S.C. § 1681o; *see also In re Ocwen Loan Servicing LLC Litig.*, 240 F. Supp. 3d 1070, 1077 (D. Nev. 2017) ("[N]egligent noncompliance is distinguishable from willful noncompliance because the FCRA explicitly states that a successful consumer under a negligent noncompliant claim may receive actual damages."); *Banga*, 2013 WL 71772, at *11. In other words, "[t]o state a claim for a negligent violation of the FCRA under Section 1681o, a plaintiff must allege that they sustained actual damages." *Warr v. Centr. Garden & Pet Co.*, Case No. 20-cv-09405-JST, 2021 WL 6275013, at *10 (N.D. Cal. Sept. 21, 2021) (citation and quotation marks omitted). "Actual damages may include damages for humiliation, mental distress, and injury to reputation and

8

creditworthiness, even if the plaintiff has suffered no out-of-pocket losses." *Seungtae Kim v. BMW Fin. Servs. NA, LLC*, 142 F. Supp. 3d 935, 944 (C.D. Cal. 2015) (citations and quotation marks omitted). "Courts in this circuit routinely hold, based on the plain language of § 1681o of the FCRA, that a plaintiff's failure to allege actual damages requires the dismissal of his claim for negligent violations of the FCRA." *Warr*, 2021 WL 6275013, at *10 (citations omitted).

BANA does not appear to dispute Plaintiff's allegations of out-of-pocket costs as a form of actual damages. Instead, BANA argues that Plaintiff fails to allege sufficient facts to raise a reasonable inference that she suffered (1) an injury to her creditworthiness and (2) emotional distress or humiliation. (ECF Nos. 23 at 9-10; 27 at 6-7.)

To start, the Court can reasonably infer from the Complaint that Plaintiff suffered an injury to her creditworthiness due to BANA's alleged negligent noncompliance. BANA specifically argues that Plaintiff fails to allege "any causal connection between BANA's alleged FCRA violation and her purportedly injured credit." (ECF No. 23 at 9.) Contrary to BANA's assertion, the fact that other Defendants' violations (*i.e.*, inaccurate reporting) and Plaintiff's bankruptcy altogether harmed Plaintiff's creditworthiness does not necessarily mean that BANA's actions did not also contribute to this injury. The issue of causation between BANA's allegedly unreasonable investigation and Plaintiff's creditworthiness is better left for a factfinder to determine and is thus premature to resolve on a motion to dismiss. *See Guimond*, 45 F.3d at 1333. Additionally, the Court rejects BANA's argument that Plaintiff fails to sufficiently plead an injury to her creditworthiness because she does not allege being denied credit (or favorable credit terms) as a result of BANA's actions.[5] (*Id.*) "[N]o case has held that a denial of credit is a prerequisite to

---

[5] BANA substantiates this argument with just one case—*Duarte v. Quality Loan Serv. Corp.*, Case No. 2:17-cv-08014-ODW-PLA, 2018 WL 2121800 (C.D. Cal. May 8, 2018)—which is inapposite here. While the district court in *Duarte* found that the plaintiffs' allegations of injuries to their creditworthiness were "speculative and conclusory," these allegations did not relate to an FCRA claim, but rather to a California state unfair competition law (Business and Professions Code Section 17200 *et seq.*). 2018 WL 2121800, at *10-12.

recovery [of actual damages] under the FCRA." *Id.*; *see also Martinez v. Am. Express Nat'l Bank*, Case No. CV 21-8130-DMG (MAAx), 2022 WL 16571194, at *6 (C.D. Cal. Nov. 1, 2022) ("Actual damages may include emotional distress and humiliation under the FCRA; a plaintiff is not required to a show a denial of credit.") (citing *Guimond*, 45 F.3d at 1333). The Court accordingly denies BANA's motion on this ground.

The Court, however, agrees with BANA that Plaintiff fails to establish actual damages in the form of emotional distress. (*Id.* at 9-10.) In the Complaint, Plaintiff merely alleges she "suffered emotional distress and mental anguish" and "further suffered humiliation and embarrassment." (ECF No. 1 at 9.) Without more, such allegations are conclusory and thus insufficient to establish actual damages under the FCRA. *See Campbell v. Anniemac Home Mortg.*, Case No. CV 16-08795-AB (AJWx), 2017 WL 8180578, at *2 (C.D. Cal. Feb. 23, 2017) (dismissing negligent violation claim because the plaintiff's allegation that she "suffered emotional distress, humiliation, and embarrassment" from the defendant's actions were "conclusory" and not supported "with specific claims of genuine injury") (citation omitted); *Burnthorne-Martinez v. Sephora USA, Inc.*, Case No. 16-cv-02843-YGR, 2016 WL 6892721, at *6 (N.D. Cal. Nov. 23, 2016) (same); *Dewi v. Wells Fargo Bank*, Case No. CV 12-2891 ABC (SHx), 2012 WL 10423239, at *8 (C.D. Cal. Aug. 8, 2012) ("[A] plaintiff must support her claim for pain and suffering 'with something more than her own conclusory allegations,' such as specific claims of genuine injury.") (citation and brackets omitted); *but see Guimond*, 45 F.3d at 1332-33 (suggesting that the plaintiff's alleged "emotional distress, manifested by sleeplessness, nervousness, frustration, and mental anguish resulting from the incorrect information in her credit report" sufficed to establish actual damages).

For these reasons, the Court denies BANA's motion to dismiss to the extent Plaintiff alleges an injury to her creditworthiness due to BANA's alleged negligent FCRA violation. However, the Court grants the motion to the extent Plaintiff alleges emotional distress and humiliation for her negligent violation claim.

### C. Leave to Amend

Plaintiff requests leave to amend if the Court dismisses any of Plaintiff's claims. The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

Because amendment would not be futile, the Court grants Plaintiff leave to amend the Complaint to cure the deficiencies outlined in this Order.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendant Bank of America, N.A.'s motion to dismiss (ECF No. 23) is granted in part and denied in part. The motion is granted to the extent Plaintiff alleges actual damages in the form of emotional distress and humiliation for her negligent violation claim. Otherwise, the motion is denied. The Court grants Plaintiff leave to amend her FCRA claim to allege actual damages in the form of emotional distress and humiliation to the extent she can cure the deficiencies identified herein. She must file the amended complaint within 14 days. Plaintiff's failure to do so will result in the case proceeding on the damage claims that survive dismissal.

It is further ordered that Plaintiff's motion to strike (ECF No. 28) is denied.

DATED THIS 14th Day of July 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE